# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LEO JOE CHAVEZ,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　No. CV 17-1128 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

        Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Leo Chavez's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 26), filed March 3, 2020; and Defendant Commissioner's *Response to Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 27), filed March 4, 2020. Mr. Chavez did not file a Reply in support of his Motion and the time for doing so has now passed. *See* D.N.M. LR-Civ. 7.4(a) (explaining a "reply must be served within fourteen (14) calendar days after service of the response.").

In the Motion, Mr. Chavez's attorney, Laura Johnson, moves the Court for an order authorizing attorney fees in the amount of $10,636 for legal services rendered before this Court. (Doc. 26 at 1). In his Response, the Commissioner explains he "has no objection to the petition in this case." (Doc. 27 at 1). Having reviewed the Motion, the relevant law, and being otherwise fully advised in the premises, the Court finds Mr. Chavez's Motion shall be **GRANTED**.

## I. Procedural Background

Mr. Chavez instituted an action in this Court on November 10, 2017, seeking judicial review of the Commissioner's denial of his applications for disability insurance benefits and supplemental security income. (Doc. 1 at 1); (Doc. 17 at 3). On July 13, 2018, the Commissioner concurred in Mr. Chavez's request for a rehearing, (Doc. 20), and the Court granted the parties' unopposed motion to remand, (Doc. 21). As a result, Mr. Chavez's applications were remanded to the Commissioner for further proceedings. (Doc. 22).

On remand, Defendant Commissioner determined Mr. Chavez was disabled, entered a fully favorable decision, and awarded him past-due benefits in the amount of $66,544. (Doc. 26-1 at 12). On October 9, 2018, Mr. Chavez's attorney applied for, and was awarded, Equal Access to Justice Act ("EAJA") fees for her work performed before this Court, totaling $5,660.18. (Doc. 24 at 1). Now, Mr. Chavez's attorney seeks an award of $10,636, approximately 16 percent of the total past-due benefits awarded to Mr. Chavez. *Id.* at 1.

## II. Analysis

The present issue before the Court is whether counsel's requested fee of $10,636 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807

(2002). However, there is no presumption that a 25 percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of their requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. However, the refund of EAJA fees is offset by any mandatory deductions under the Treasury Offset Program, which may collect delinquent debts owed to federal and state agencies from a claimant's award of past-due benefits. *See* 31 U.S.C. § 3716(c)(3)(B) (2006). The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006).

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A

court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit Court of Appeals, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

Here, counsel obtained a fully favorable decision for Mr. Chavez upon remand. (Doc. 26-1 at 4). In addition, the instant motion was filed within four months of Mr. Chavez receiving notice that he was entitled to past-due benefits, an amount of time the Court finds to be reasonable. *See id.* at 10 (awarding past-due benefits on November 6, 2019). Moreover, the requested fee for services performed in connection with this case is within the 25-percent cap imposed by § 406(b). The requested fee is also not disproportionately large in comparison to the amount of time spent litigating this case. *See id.* at 15.

Specifically, counsel documented 28.18 total hours in representing Mr. Chavez before this Court, for an average hourly rate of $199. *Id.* at 16; *see also Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (finding fee award for 37.33 hours reasonable); *Arellanes v. Colvin*, Civ. 12-1178 KBM (Doc. 32) (finding fee award for 36.76 hours reasonable); *Dimas v. Astrue*, Civ. 03-1157 RHS (Doc. 34) (finding fee award for 38.26 hours reasonable). In addition, counsel's overall award is within the fee range found to be reasonable in this district. *See, e.g.*, *Sanchez v. Colvin*, Civ. 16-1126 KRS (Doc. 30) (awarding $31,306.00); *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25); *Bigsby*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00).

4

In conclusion, the Court finds each component of counsel's requested fee award is reasonable. Indeed, the requested award is within the district average and is based on the successful representation of Mr. Chavez. Moreover, both the hourly rate and the time spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court finds counsel's fee award should be approved.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Mr. Chavez's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum*, (Doc. 26), shall be **GRANTED**. Mr. Chavez's counsel is awarded $10,636.00 for legal services performed before this Court, to be paid from Mr. Chavez's past-due benefits previously withheld by the Commissioner. *See* (Doc. 26-1 at 12) (explaining the Commissioner withheld $16,636.00 from Mr. Chavez's award of past-due benefits to cover attorney fees). Mr. Chavez's counsel is further directed to refund $5,660.18 to Mr. Chavez, the amount awarded under EAJA, notwithstanding any mandatory deductions. *See* 31 U.S.C. § 3716(c)(3)(B) (2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE